```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Permasteelisa CS Corporation,    :

       Plaintiff,              :

  v.                               :         Case No. 2:06-cv-0569

The Airolite Company, LLC, et al, :        JUDGE HOLSCHUH

       Defendants.             :

ORDER

    This case is before the Court to consider plaintiff's motion to modify the scheduling order and for leave to amend its complaint. Responsive, reply, and surreply memoranda have been filed, and the matter is ripe for decision. For the following reasons, the motion will be granted.

I.

    The background of this motion can be stated simply. This case was filed as part of an effort by the plaintiff to collect on a judgment which it had obtained against a corporation which is not a party to this case. According to the plaintiff, the two named defendants are liable on that judgment based upon various theories relating to the way in which they obtained assets previously belonging to the judgment debtor or arranged for the sale or transfer of those assets to other parties. Essentially, that judgment debtor, which was at one time known as The Airolite Company (but not The Airolite Company, LLC, which is one of the defendants here) and which subsequently changed its name to Floh Corporation, sold certain assets to The Airolite Company, LLC, a subsidiary of Greenheck Fan Corporation. Mr. Murray, who was a principal in the debtor corporation, subsequently became a Greenheck employee.

    Under Ohio law, one way in which liabilities may follow a sale of assets is if the transaction between two corporations

during which the assets are sold constitutes a *de facto* merger. Plaintiff did not plead that theory in its original complaint, but contends that because of certain facts learned during discovery, it is now in a position to assert that theory. Because its motion for leave to amend was filed after the date for amending the pleadings established in the Court's preliminary pretrial order, the issues presented by the motion are whether there is good cause under Fed.R.Civ.P. 16(b) for leave to amend the pretrial order and whether plaintiff has demonstrated an entitlement to amend the complaint under the provisions set forth in Fed.R.Civ.P. 15(a).

II.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing

2

party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). It is with these standards in mind that the first issue presented by the instant motion will be decided.

### III.

As noted, the touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order. If the moving party cannot establish diligence in meeting a deadline for the filing of amended pleadings, it is immaterial whether the standards under Rule 15(a) can be met. Without a showing of diligence, the deadline in the Rule 16(b) order will not be extended, and without such an extension, a motion for leave to amend will be denied.

Here, the parties have a significant disagreement about whether the plaintiff acted diligently in discovering the facts which, at least according to the plaintiff, would support the pleading of a *de facto* merger claim. Defendants articulate two reasons why due diligence was not exercised here. First, they contend that the facts which plaintiff learned after the deadline had passed do not support a claim of *de facto* merger. Second, they assert that, even if those facts might support such a claim, either those facts could have been discovered earlier, or the plaintiff was already in possession of facts supporting the claim long before the deadline, so that its decision to wait until

after depositions and document discovery to move for leave to amend demonstrates a lack of diligence.

Certainly, if a party is delayed in discovering the basis for amending its pleadings due to circumstances beyond its control, it may use that delay as a basis for arguing that a Rule 16(b) order deadline should be extended.  See Noyes v. Kelly Services, ___ F.3d ___, 2007 WL 1531824 (9th Cir. May 29, 2007). Although the defendants argue that any delays in discovering the information which plaintiff relies upon in order to plead a *de facto* merger claim were of its own making, the Court does not agree.  It appears that after the parties met and conferred as required by Rule 26(f), discovery was pursued in a reasonable fashion.  Plaintiff delayed taking certain depositions until document discovery was complete, which is a reasonable way in which to proceed, and it appears that there were some delays in producing documents beyond the time period which plaintiff waited initially to make those requests.  Consequently, the Court cannot conclude that any lack of diligence in pursuing discovery can be attributed to the plaintiff or negates a showing of good cause to amend the Rule 16(b) order.

Further, plaintiff, in its reply memorandum, has pointed to specific deposition testimony which it allegedly relies on in asserting its *de facto* merger claim.  That testimony has to do with the fact that defendant Airolite purchased assets of the judgment debtor in order to continue the judgment debtor's business and the fact that Mr. Murray is now a shareholder in Greenheck.  Although defendants argue that Mr.  Murray's entitlement to purchase shares in Greenheck should have been known to plaintiff long before the deadline at issue, it appears that plaintiff did not discover that Mr. Murray actually purchased those shares until after that date.  Thus, if these are the facts being used by plaintiff to support its new theory, they

4

were not discovered until after the deadline had passed.  For these reasons, the Court concludes that the good cause standard of Rule 16(b) is satisfied here.  The question then becomes whether plaintiff can also meet the test for allowing it to amend its complaint under Rule 15(a).

## IV.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In <u>Zenith Radio Corp.</u>, the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

<u>Phelps v. McClellan</u>, 30 F.3d 658, 662-63 (6th Cir.1994) (citing <u>Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau</u>,

786 F.2d 101, 103 (2d Cir.1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

V.

With respect to the Rule 15(a) factors, the Court concludes, first, that the delay in asserting the new claim is not unreasonable. Consequently, the two significant issues relating to Rule 15(a) are whether the delay is prejudicial to the defendants and whether the amendment would be an exercise in futility.

6

Taking these questions in reverse order, defendants have argued that, as a matter of fact, no *de facto* merger occurred here. They cite to certain deposition testimony and other evidentiary materials in asserting that this claim simply cannot be asserted on the basis of the actual facts of the case.

Defendants' argument might be appropriate for a summary judgment motion. However, the question before the Court is not whether the facts will ultimately bear out the new legal theory which plaintiff wishes to assert, but whether the amended complaint, by itself, is sufficient to state a claim upon which relief can be granted. *De facto* merger is a viable claim under Ohio law, and the complaint adequately pleads it. Further, this is one of those cases where it is more appropriate to have the District Judge decide whether or not the claim has merit on the basis of either a motion to dismiss or a motion for summary judgment, rather than have that merits-related decision be made in the context of ruling on the motion for leave to amend. See, e.g., Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 715 F.Supp. 578, 581 (S.D.N.Y. 1989). For all these reasons, the Court concludes that the amended complaint is not an exercise in futility.

With respect to the question of prejudice, although discovery is essentially complete in this case, the Court does not believe that the legal theory asserted by the plaintiff requires much, if any, additional discovery. Defendants, responding to one of plaintiff's arguments, concede that the facts concerning *de facto* merger are in their possession and that no representative of plaintiff would likely have additional information with respect to this legal theory. Further, the Court presumes that all of the facts and circumstances surrounding the asset transfer from the judgment debtor to defendant Airolite, including what assets and liabilities were

transferred, whether defendant Airolite continued to carry on its transferor's business, and whether defendant Murray obtained stock in Greenheck as a result of this transaction, have already fully been developed.  Consequently, the Court concludes that defendants will not be prejudiced even if this legal theory is inserted in the case at a fairly late date because the defendants will not be required to do much, if any, additional discovery or other factual investigation in order to be prepared to meet the substance of this claim.  Additionally, if the claim is to be addressed in the context of a dispositive motion, because the summary judgment motion filing date has not yet arrived, defendants can include their merits-related arguments in such a motion.

VI.

Based upon the foregoing, plaintiff's motion for leave to amend (#26) is granted.  The Clerk shall detach and file the amended complaint attached to the motion.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp

```
                                  United States Magistrate Judge
```